**Arthur MILLER, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

**No. 14057.**

United States Court of Appeals
District of Columbia Circuit.

Argued June 11, 1958.

Decided Aug. 7, 1958.

---

**188**

Mr. Joseph L. Rauh, Jr., Washington, D. C., with whom Messrs. Lloyd K. Garrison, New York City, and John Silard, Washington, D. C., were on the brief, for appellant. Mr. Daniel H. Pollitt, Washington, D. C., also entered an appearance for appellant.

Mr. William Hitz, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., Lewis Carroll and Harold D. Rhynedance, Jr., Asst. U. S. Attys., were on the brief, for appellee. Mr. John D. Lane, Asst. U. S. Atty., also entered an appearance for appellee.

Before EDGERTON, Chief Judge, PRETTYMAN, WILBUR K. MILLER, BAZELON, FAHY, WASHINGTON, DANAHER, BASTIAN and BURGER, Circuit Judges, sitting en banc.

### PER CURIAM.

Appellant was convicted for unlawfully refusing to answer a question put to him by a Committee of the House of Representatives, 2 U.S.C.A. § 192. The question asked appellant to name the persons present with him at a meeting of "Communist writers" in 1947.[1] The record shows the witness urged the Chairman not to press the direction to answer the question and requested him to defer it until a later time. The Chairman agreed.[2] The hearing terminated shortly thereafter without any unequivocally renewed direction or command to answer the "suspended" question. Thus, the requirement of Quinn v. United States,[3] that it be brought home to the witness that he risks the penalties of contempt if he refuses to answer the question, was not followed. We need not speculate why the question was not renewed before closing the hearing; it is enough that on the whole record it seems clear that appellant had a right to leave the hearing thinking that the direction to answer was still suspended, if not abandoned. The Chairman's closing statement to appellant, while not determinative, is consistent with our reading of the record:

> "The Chairman. You have learned a great deal and made a greater contribution to what we think you now stand for than you realize, because, by the errors that you committed, you are serving a very loud note of warning to a lot of other people who might fall into what you did, quite obviously.
>
> "The committee is now adjourned."

Appellant has raised other points, including the argument that the question was not pertinent in fact, and that explanation of pertinency was not given as required by Watkins v. United States.[4] However, the absence of a direction to answer as required by the Quinn case makes it unnecessary to reach these contentions.

Reversed with directions to enter a judgment of acquittal.

---

1. "Can you tell us who was there when you walked into the room?"

2. "Mr. Miller. Mr. Walter, could I ask you to postpone this question until the testimony is completed and you can gage [sic] for yourself?
   "The Chairman. Of course, you can do that, but I understand this is about the end of the hearing."

3. 1955, 349 U.S. 155, 75 S.Ct. 668, 99 L.Ed. 964, see also United States v. Kamp, D.C.1952, 102 F.Supp. 757, 759.

4. 1957, 354 U.S. 178, 77 S.Ct. 1173, 1 L.Ed.2d 1273.